08-5428-cv
U.S. v. Mayo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of November, two thousand eleven.

PRESENT: GERARD E. LYNCH,
DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.                                                          No. 08-5428-cv

777 GREENE AVENUE, Real Property located at 777 Greene Avenue, Brooklyn, NY 11221, 115 LYRIC CIRCLE, Real Property located at 115 Lyric Circle, also known as 115 Whispering Woods, Brodheadsville, PA 18322, and $7,106 in U.S. CURRENCY seized from 777 Greene Avenue, Brooklyn, NY 11221,
*Defendants-in-rem*,

MARY MAYO,
*Claimant-Appellant.*

_____

FOR APPELLANT:      Stephen J. Marzen, Shearman & Sterling LLP, Washington, D.C. (Forrest W. Treat and Jaclyn A. Barnao, *on the brief*).

FOR APPELLEE:      Tanya Y. Hill, Assistant United States Attorney (Varuni Nelson and Evan S. Weitz, *on the brief*) *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Gleeson, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the decision of the district court is AFFIRMED.

Plaintiff-appellee United States brought this civil forfeiture action against various properties and currency pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6) as proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801-976, and pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in a money-laundering transaction in violation of 18 U.S.C. § 1956. Claimant-appellant Mary Mayo asserted an ownership interest in the property, contending that the property had been purchased with her legitimate earnings. During jury selection before a magistrate judge (Mann, *M.J.*), the government used a peremptory challenge against the jury panel's only African American member. Mayo objected under Batson v. Kentucky, 476 U.S. 79, 83 (1986), and Edmonson v. Leesville Concrete Co., 500 U.S. 614, 630 (1991) (applying Batson to civil cases). The magistrate judge overruled Mayo's objection, and the district court subsequently refused, "on procedural grounds," to entertain Mayo's attempted appeal, raised as it was (1) without providing the court with a transcript of the voir dire, (2) without

2

having asked the magistrate judge to retain the challenged juror, and (3) only after the jury had been summoned for empanelment. The jury having returned a verdict of forfeiture, Mayo now appeals the district court's Batson ruling. We assume the parties' familiarity with the underlying facts and procedural history of the case.

The merits of Mayo's initial Batson objection are not before us. Instead, we decide whether the district court abused its discretion by finding, effectively, that Mayo had forfeited her Batson appeal by her method of raising it. See United States v. Thomas, 303 F.3d 138, 142 (2d Cir. 2002) (reviewing similar case for abuse of discretion).

It is well established that a defendant may default on a Batson challenge if she does not timely object. Batson, 476 U.S. at 99; see also McCrory v. Henderson, 82 F.3d 1243, 1249 (2d Cir. 1996) ("[T]he failure to object to the discriminatory use of peremptory challenges prior to the conclusion of jury selection waives the objection."). An additional level of procedural complexity results when voir dire is conducted before a magistrate judge, apparently a common practice in the Eastern District of New York. See Thomas, 303 F.3d at 140. In Thomas, we considered when an adverse ruling by the magistrate judge on a Batson objection must be appealed to the district court in order to preserve the issue for appeal to us. We held in Thomas that

> when jury selection is performed by a magistrate judge, it makes sense and serves the policies of Batson (which protect the rights of prospective jurors as well as the rights of the parties) for parties to appeal adverse Batson rulings to the district judge as promptly as may be done. In the future, delay in advising the district judge of a Batson issue promptly, and in any event before the jury is sworn, may (depending on circumstances, the remedies available, and the discretion of the court) result in waiver.

3

Id. at 143-144. Thomas thus establishes that objections to a magistrate judge's adverse ruling must be put to the district judge "as promptly as may be done," and that even objections raised before the jury is sworn may result in waiver, depending on the totality of the circumstances.

Mayo had sufficient opportunity to appeal the magistrate's ruling to the district court. One and one-half days intervened between voir dire and the first day of trial, during which time Mayo submitted a motion *in limine*, a proposed joint pretrial order, and several letters to the district court. Despite these other pre-trial submissions, Mayo showed no interest in raising the Batson issue until the district court, having ruled on the other motions and invited the jury to enter the courtroom, almost off-handedly asked the parties whether there were "any problems in connection with jury selection" that the parties wanted to address. Although Mayo's counsel responded affirmatively to this inquiry, he acknowledged that he had made no attempt to obtain a transcript on which the district court might evaluate the magistrate judge's ruling and had not sought to have the magistrate judge retain the juror in question so that she could be seated if the objection to the challenge were sustained. Asked then by the district judge what relief he would propose, counsel had no answer, stating instead that he raised the Batson issue simply in response to the judge's question about problems during jury selection. When pressed further on the incompleteness of the attempted Batson appeal, counsel "frank[ly]" conceded that he had not addressed the issue with the other motions because he "didn't get to it in the list of other motions *in limine*" that he had just argued to the district court.

4

Assuming arguendo that under some circumstances a last-minute appeal of a magistrate judge's Batson ruling would be timely, under the circumstances of this case, we find no abuse of discretion in the district judge's refusal to entertain the appeal. In order to properly present an appeal, a party must provide the district court with sufficient information on which to evaluate the magistrate judge's ruling. If the party waits until moments before empanelment to raise the issue, fails to present a proper record of the proceedings before the magistrate judge, and fails to take steps to ensure the continued availability of the juror whose exclusion is at issue, then under all the circumstances, including "the remedies available," Thomas, 303 F.3d at 143, the district court does not abuse its discretion by deeming that appeal waived.

Finally, Mayo complains that the recording of the relevant sections of voir dire was inaudible, rendering the subsequent transcript incomplete. But this fact would be relevant only if she had requested the transcript prior to raising the Batson issue before the district court, which she did not do. The problems with the transcript did not come to light until well after the jury was empaneled, when they were discovered by the district court itself. Had Mayo timely sought a transcript and raised the issue, it would have been a simple matter for the district court to have the magistrate judge relate what had occurred. As that was not done, the eventual discovery that a transcript could not be prepared is irrelevant to the disposition of the case. Accordingly, Mayo's contention that the district court was obligated to reconstruct the record before ruling on the appeal – something she never requested the district court to do – is unavailing.

5

We have considered Mayo's other arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court